IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PHILLIP DEWAYNE STEWART,                                            PLAINTIFF
#80429

v.                          4:23CV00072-JM-JTK

PULASKI COUNTY REGIONAL
DETENTION FACILITY, et al.                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     INTRODUCTION**

Phillip Dewayne Stewart ("Plaintiff") is in custody at the Pulaski County Detention Center. He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff did not pay the $402 filing and administrative fee at the time he filed this lawsuit. Plaintiff also has not filed an application to proceed in forma pauperis. Asking Plaintiff to do so would be futile, because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as explained below, Plaintiff has not established that he was in imminent danger of serious harm at the time he filed this lawsuit.

## II.   SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).   An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

2

Plaintiff has had at least three complaints dismissed for failure to state a claim on which relief may be granted.[2]  The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA.  Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above.  28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  And while the Court is not aware of precedent from the Court of Appeals for the Eighth Circuit,

> courts in other circuits have held that the three-strikes rule applies to lawsuits filed by a prisoner, even if he is later released. *See Gibson v. City of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be "a prisoner" ... is "the moment the plaintiff files his complaint." "); *Torns v. Miss. Dept. Corrs.*, 421 Fed. Appx. 316 (5th Cir. 2010) (plaintiff's release "did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar."); *Johnson v. Allegheny*, 669 Fed. Appx. 74, 75 n.1 (3d Cir. 2011) (PLRA applies notwithstanding post-suit release); *Harrison v. State*, Case No. 14-0811-BAJ-RLB, 2015 WL 6675570 (M.D. La. Oct. 30, 2015).

Randle v. Hiland, No. 4:19-CV-00838-KGB, 2021 WL 2654391, at *1 (E.D. Ark. June 28, 2021).

Here, Plaintiff sued the Pulaski County Regional Detention Facility (the "Detention Center") and multiple Detention Center officials; Plaintiff alleges Defendants denied him a razor

---

[2] Stewart v. Hobbs, 5:13-cv-00381-JLH (E.D. Ark.) (dismissed Jan. 31, 2014) (no appeal filed); Stewart v. Evans, 5:16-cv-00081-DPM (E.D. Ark.) (dismissed March 24, 2016) (no appeal filed); and Stewart v. Griffen, 4:17-cv-00579-BRW (E.D. Ark.) (dismissed Sept. 14, 2017) (no appeal filed).

through their various actions in violation of Plaintiff's constitutional rights. (Doc. Nos. 1, 2). Plaintiff claims that although he paid for a razor, he never received the razor from the commissary, and has not otherwise been provided a razor. (Doc. No. 1 at 1). As a result, Plaintiff was not able to use a razor from December 27, 2022 until March 17, 2023. (Doc. No. 2 at 2). Plaintiff says the hair on his face irritated him and his skin, that he had painful bumps on his skin, and was not able to seep on any side because it is painful. (Id. at 3). Plaintiff went to medical about this issue on March 14, 2023, but the Court is not privy to the results of the visit. (Id.). Plaintiff maintains that he was in imminent danger as a result of not being able to shave. (Doc. No. 1 at 1; Doc. No. 2 at 3).

Even liberally construing the claims in Plaintiff's Complaint and Amended Complaint, Plaintiff has not established that he was in imminent danger at the time he initiated this lawsuit. As mentioned above, the exception does not apply unless the plaintiff makes "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff does not allege any type of serious rash or serious infection. Here, the bumps on Plaintiff's face, and the irritation and trouble sleeping of which Plaintiff complains, do not rise to the level of serious physical injury contemplated by the PLRA. See, for example, Dundee v. Rambo, case no. 4:08-CV-4127, 2011 WL 776161, at *2, 7 (W.D. Ark. Feb. 3, 2011), report and recommendation adopted, case no. 4:08-CV-4127, 2011 WL 1086504 (W.D. Ark. Feb. 28, 2011) (allegations of rash resulting from clothes not regularly laundered de minis); Nichols v. Arkansas Department of Correction, No. 2:18cv119-JM (E.D. Ark.), Doc Nos. 3, 6 (nerve pain insufficient to establish imminent danger). As such, Plaintiff has not demonstrated that he may proceed under the imminent danger exception to the three-strikes rule.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint, as amended, be DISMISSED without prejudice.

2. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $402.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 27th day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE